# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# DAVENPORT DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION,<br><br>Petitioner,<br><br>v.<br><br>CARING DERMATOLOGY CENTER, P.C.,<br><br>Respondent. | Case No. 3:23-cv-87 |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner PNC Bank, National Association (the "Bank"), by its attorneys, files this Petition to Confirm Arbitration Award against Caring Dermatology Center, P.C. ("Caring Dermatology") pursuant to 9 U.S.C. § 9, states as follows:

### Introduction

1. The Bank requests confirmation of an arbitration award issued on October 2, 2023 in American Arbitration Association Case No. 01-23-0002-1094, *PNC Bank, National Association v. Caring Dermatology Center, P.C., et al.* (the "Arbitration"). A true and correct copy of the "Final Award" is attached hereto as **Exhibit A**. Arbitrator Mollie Pawlosky (the "Arbitrator") entered a monetary award of $700,180.80[1] in favor of the Bank and against Caring Dermatology Center, P.C. and Ravindrakumar Gangadhariah[2]. The Bank seeks a judgment from this Court confirming the Final Award.

---

[1] As set forth in the Final Award, the Arbitrator awarded $610,181.33 on a Convertible Line of Credit Note debt, $74,855.62 on a Small Business Line of Credit debt, $8,378.85 for reimbursable attorneys' fees and costs, and $6,765.00 for administrative fees and expenses of the AAA.

[2] Ravindrakumar Gangadhariah filed for Chapter 7 bankruptcy on November 24, 2023 in the Bankruptcy Court for the Northern District of Iowa as case number 23-00984 and the case remains pending. The Bank is not currently seeking relief as to Mr. Gangadhariah due to his bankruptcy filing.

1

**Parties**

2.  The Bank is a national banking association with its principal place of business located in Pennsylvania, and the state designated on its origination certificate is Delaware.

3.  Caring Dermatology is an Iowa domestic professional corporation with its home office located at 4626 Progress Dr., Ste. D, Davenport, Iowa 52807, and its registered agent, Robert C. Meyer, located at 201 W. 2nd St., Ste. 400, Davenport, Iowa 52801.

**Jurisdiction and Venue**

4.  This Court has jurisdiction to confirm the arbitration award at issue pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount sought in the arbitration proceeding exceeded $75,000.00.  Moreover, the amount awarded by the Arbitrator in her Final Award exceeds $75,000.00.

5.  This Court has personal jurisdiction over Caring Dermatology because it does business in Iowa and was incorporated and has its home office in Iowa.

6.  Venue is proper for this confirmation proceeding pursuant to 9 U.S.C. § 9 because the Final Award was issued in Des Moines, Iowa and the parties' agreements stipulate that a judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

**Factual Background**

7.  On May 10, 2023, the Bank filed a Complaint and Demand for Arbitration with the American Arbitration Association ("AAA") against Caring Dermatology and Gangadhariah seeking damages of $665,801.18, plus additional interest, attorneys' fees and costs, for breach of a convertible line of credit agreement against Caring Dermatology,

breach of a line of credit agreement against Caring Dermatology, and breach of a commercial guaranty against Gangadhariah. A true and correct copy of the Complaint and Demand for Arbitration is attached hereto as **Exhibit B**.

8. The Bank's claims arose out of a loan agreement entered into between the Bank and Caring Dermatology (the "Loan Agreement"), a convertible line of credit note entered into between the Bank and Caring Dermatology in the principal sum of $570,000.00 (the "Note"), a business loan application (the "Application") and a related line of credit agreement entered into between the Bank and Caring Dermatology in the principal sum of $75,000.00 (the "Line of Credit Agreement"), and a guaranty agreement entered into by Gangadhariah guaranteeing the obligations of Caring Dermatology (the "Guaranty"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit C**, a true and correct copy of the Note is attached hereto as **Exhibit D**, a true and correct copy of the Application is attached hereto as **Exhibit E**, a true and correct copy of the Line of Credit Agreement is attached hereto as **Exhibit F**, and a true and correct copy of the Guaranty is attached hereto as **Exhibit G**, respectively. Exhibit C through Exhibit G are collectively referred to herein as the "Loan Documents".

9. The Loan Agreement, the Note, the Application, and the Guaranty, include provisions dictating that, at the parties' election, any and all disputes arising out of or relating to the loan documents, or a breach thereof, may be submitted to binding arbitration through the AAA Commercial Arbitration Rules. *See* Ex. C, ¶ 10.17(b); Ex. D, ¶ 26(b); Ex. E, ¶ 6(b); Ex. G, ¶ 26(b).

10. Caring Dermatology and Gangadhariah did not file an answer to the Complaint and Demand for Arbitration, did not challenge the arbitrability of any issue in the dispute, and did not challenge the jurisdiction of the Arbitrator.

11. The Loan Documents provide that the arbitration was to be conducted in a mutually acceptable location. In its Complaint and Demand for Arbitration, the Bank requested Davenport as the location for the arbitration; however, as reflected in the parties scheduling order, the parties jointly agreed upon the office of the arbitrator in Des Moines, Iowa as the location for the arbitration. A true and correct copy of the Preliminary Hearing and Scheduling Order is attached hereto as **Exhibit H**.

12. The Loan Documents provide that the AAA shall administer arbitrations pursuant to the AAA Commercial Arbitration Rules. *See* Ex. C, ¶ 10.17(b)(i); Ex. D, ¶ 26(b)(i); Ex. E, ¶ 6(b)(i); Ex. G, ¶ 26(b)(i).

13. The Arbitrator was appointed for this dispute. Caring Dermatology and Gangadhariah did not object to the selection of the Arbitrator at any time during the pendency of the Arbitration.

14. The Scheduling Order provided, among other things, that if any party desired to file a dispositive motion that it submit a letter on or before August 10, 2023 stating the reasons it believed that a dispositive motion should be allowed by the Arbitrator.

15. Pursuant to the Scheduling Order, the Bank submitted a letter dated August 3, 2023 requesting permission to file a dispositive motion. A true and correct copy of the Bank's letter is attached hereto as **Exhibit I**. Caring Dermatology and Gangadhariah did not file a response to the Bank's letter, and on August 25, 2023, the Arbitrator gave permission to the Bank to file its dispositive motion "because the Loan Documents require

that the Arbitrator decide pre-hearing motions for summary judgment, and because PNC Bank, N.A., through the August 3, 2023 letter, has shown that the motion is likely to succeed and dispose of or narrow the issues in the case." A true and correct copy of the Preliminary Hearing and Scheduling Order dated August 25, 2023 is attached hereto as **Exhibit J**.

16. On September 7, 2023, the Bank filed its dispositive motion. A true and correct copy of the Bank's dispositive motion is attached hereto as **Exhibit K**. Caring Dermatology and Gangadhariah did not file a response to the Bank's Motion.

17. On October 2, 2023, the Arbitrator entered an award in favor of the Bank and against Caring Dermatology and Gangadhariah providing as follows in pertinent part:

> [T]he Arbitrator hereby awards as follows:
>
> For breach of the Convertible Line of Credit Note, PNC Bank, N.A. is hereby awarded monetary damages, jointly and severally, against Caring Dermatology Center, P.C. and Ravindrakumar Gangadhariah in the principal amount of $560,000; unpaid interest as of September 5, 2023, of $21,681.33 (continuing to accrue in the per diem amount of $107.33); a prepayment fee of $28,000; and a $500.00 late charge, totaling damages as of September 5, 2023, in the amount of $610,181.33;
>
> For breach of the Small Business Line of Credit Agreement, PNC Bank, N.A. is hereby awarded monetary damages, jointly and severally, against Caring Dermatology Center, P.C. and Ravindrakumar Gangadhariah in the principal amount of $68,241.03; unpaid interest as of September 5, 2023, of $6,408.94 (continuing to accrue in the per diem amount of $35.14); and a $205.65 late charge, totaling damages as of September 5, 2023, in the amount of $74,855.62; and
>
> For reimbursement of attorneys' fees and out-of-pocket costs, other than amounts paid to the AAA, PNC Bank, N.A. is hereby awarded monetary damages, jointly and severally, against Caring Dermatology Center, P.C. and Ravindrakumar Gangadhariah for: (a) $8,150.00; and (b) out-of-pocket costs, other than amounts paid to the AAA, of $228.95, totaling $8,378.85.
>
> The administrative fees and expenses of the American Arbitration Association, totaling $6,050.00, shall be borne jointly and severally by Caring Dermatology Center, P.C. and Ravindrakumar Gangadhariah, and the compensation and

expenses of the Arbitrator, totaling $2,145.00, shall be borne jointly and severally by Caring Dermatology Center, P.C. and Ravindrakumar Gangadhariah. Therefore, Caring Dermatology Center, P. C. and Ravindrakumar Gangadhariah shall jointly and severally be responsible to reimburse to PNC Bank, National Association the sum of $6,765.00, representing the $5,500.00 filing fee, the $550.00 additional party fee, and the $715.00 of Arbitrator compensation that PNC Bank, National Association previously paid relating to this Arbitration.

*See* Ex. A.

## Motion to Confirm Arbitration Award and Enter Judgment

18. The Federal Arbitration Act ("FAA") is applicable to this matter pursuant to the Loan Documents and governs these proceedings. *See* Ex. C, ¶ 10.17(b)(ix); Ex. D, ¶ 26(b)(ix); Ex. E, ¶ 6(b)(ix); Ex. G, ¶ 26(b)(ix).

19. The FAA states in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. This case meets all of the requirements for confirmation of the award.

20. Initially, the Loan Documents authorize judgment to be entered upon the arbitration award. *See* Ex. C, ¶ 10.17(b)(i); Ex. D, ¶ 26(b)(i); Ex. E, ¶ 6(b)(i); Ex. G, ¶ 26(b)(i). Secondly, the Bank made this application within one year of the delivery of the Final Award. Finally, no grounds exist for vacatur, modification or correction of the Final Award. The limited statutory grounds under 9 U.S.C. § 10 for vacatur are where:

> (1) the award was procured by corruption, fraud, or undue means;
> (2) there was evident partiality or corruption in the arbitrators, or either of them;

> (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

And the limited statutory grounds for modification or correction of an award under 9 U.S.C. § 11 are:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

None of those grounds are present here.

21.   Section 13 of the FAA requires that any party moving for an order confirming an arbitration award to attach the following documents:

> (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
> (b) The award.
> (c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

22.   The agreements to arbitrate are contained in the Loan Documents referenced *supra*, and specifically Ex. C, ¶ 10.17(b); Ex. D, ¶ 26(b); Ex. E, ¶ 6(b); Ex. G, ¶ 26(b). No additional arbitrators were appointed for this matter, and no extensions of time for the Arbitrator to make her award were given. The award in this matter consists of the Final Award, attached hereto as Exhibit A. There has been no notice, affidavit or other

papers to modify or correct the award, and all applicable papers to confirm the Final Award are attached hereto.

**WHEREFORE**, PNC Bank, National Association requests judgment as follows:

1. Confirmation of the Final Award as a judgment of this Court against Caring Dermatology Center P.C. in the amount of $700,180.80;

2. Interest at the rate of $107.33 per diem for the Convertible Line of Credit Note and $35.14 per diem for the Small Business Line of Credit accruing from October 2, 2023 until paid; and

3. Any and all further relief this Court deems just and proper.

Dated:   December 29, 2023                             Respectfully submitted,

**PNC BANK, NATIONAL ASSOCIATION**

By: /s/ Troy A. Howell
            One of its Attorneys

Troy A. Howell
Bush, Motto, Creen, Koury & Halligan, P.L.C.
5505 Victoria Avenue, Suite 100
Davenport, IA 52807
Phone: (563) 344-4900, Ext. 119
Fax: (563) 344-8961
Email: thowell@bmcklaw.com